```
              IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                           )
                                 )    Chapter 7
CHRISTIAN KJELD                  )
SHERRY KJELD                     )    Bankruptcy No. 04-04303
                                 )
      Debtors.                   )
```

**ORDER RE MOTION TO SELL PROPERTY**

On October 25, 2005, the above-captioned matter came on for hearing on a Motion to Sell Property filed by the Chapter 7 Trustee. Trustee Michael Dunbar appeared in person. Debtors appeared with their attorney, John Titler. Gewinn Corporation and Agriprocessors appeared by Attorney Jeffrey Courter. This matter was argued by counsel after which the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N).

**STATEMENT OF THE ISSUES**

The uncontested record establishes that Debtors Christian and Sherry Kjeld were also the operators of a business known as AAA Electric, LLC. AAA Electric filed a Chapter 11 petition in this Court which was subsequently dismissed. Debtors retain a membership interest in AAA Electric which is listed as personal property in this Chapter 7 case. Additionally, Debtors have a claim against AAA Electric which they assert has substantial value. This claim is for rent owed by AAA Electric, LLC to Debtors.

AAA Electric, LLC is involved in litigation with Agriprocessors, Inc. A lawsuit has been pending for a substantial time in Iowa District Court in Allamakee County, Iowa (LACV 023725). This lawsuit was instituted by AAA Electric against Agriprocessors based on breach of contract and fraud. The contract issues have been resolved by summary judgment. Debtors in the present case assert that, while the underlying judgment has been paid in the contract claim, there still remains unpaid interest of approximately $100,000 on that judgment. That claim is disputed. Additionally, a second count in the lawsuit alleges fraud. Trial on the fraud count is due to commence in Iowa District Court in Allamakee County on November 2, 2005. According to Debtors and counsel for AAA Electric, this fraud claim has a potential value in excess of $300,000. All these claims are disputed by Agriprocessors.

While Debtors had an interest in AAA Electric and were the founders of that business, AAA Electric is a separate entity. As such, the pending lawsuit in Allamakee County does not directly impact the estate of Christian and Sherry Kjeld. However, Debtors assert that a substantial recovery in that lawsuit would inure to the benefit of Debtors' bankruptcy estate. If a judgment is received, AAA Electric would be in a position to pay certain of its creditors and the Kjelds, as holders of claims against AAA Electric, would receive benefits in two respects.

First, there is a tax obligation owing by AAA Electric to the State and Federal governments. As the Court understands it, Mr. and Mrs. Kjeld are also liable on this tax obligation. If AAA Electric were to receive an award and the taxes were paid, this would also eliminate the tax obligation for which Mr. and Mrs. Kjeld are liable. Secondly, if an award is received, some or all of Mr. and Mrs. Kjeld's claims against AAA Electric would be paid and this would presumably be in a sufficient amount to pay off priority claims and some unsecured creditors.

Against the foregoing backdrop, the Trustee entered into negotiations with Gewinn Corporation. This corporation has offered $5,000 to Debtors' bankruptcy estate to buy their membership interest in AAA Electric. It appears uncontested that Gewinn Corporation's interest in doing this is an attempt to purchase a sufficient interest in AAA Electric to essentially buy up the lawsuit between AAA Electric and Agriprocessors, Inc. Debtors argue that, even if the sale is approved, this does not place Gewinn Corporation or Agriprocessors in a position of dictating terms to AAA Electric. However, these issues are collateral to the pending motion to sell and need not be addressed by the Court.

The real issue for determination is whether the Court should approve the $5,000 sale to Gewinn Corporation as being in the best interests of the estate, or whether the Court should reject the sale and allow the trial to proceed in Allamakee County, Iowa on November 2, 2005 with a potential award substantially in excess of $5,000 but also with the risk of the passage of more time and the potential for no remuneration to the estate of any kind.

**CONCLUSIONS OF LAW**

Creditors are entitled to notice and a hearing prior to a debtor's use, sale or lease of estate property other than in the ordinary course of business. In re Continental Holdings, Inc., 170 B.R. 919, 929 (Bankr. N.D. Ohio 1994); 11 U.S.C. § 363; Fed. R. Bankr. P. 6004. The sale of a bankruptcy estate's property is subject to court approval under the express terms of the Bankruptcy Code. In re Payless Cashways, Inc., 281 B.R. 648, 653 (B.A.P. 8th Cir. 2002); 11 U.S.C. § 363(b).

Bankruptcy courts have wide discretion in structuring sales of estate assets. In Re Food Barn Stores, Inc., 107 F.3d 558, 565 (8th Cir. 1997). They have "ample latitude to strike a satisfactory balance between the relevant factors of fairness, finality, integrity, and maximization of assets. [They] must be accorded sufficient discretion to decide the truly close cases as best [they] can in view of these competing considerations." Id. at 566 (internal quotation marks and citations omitted); In re Wintz Cos., 219 F.3d 807, 812 (8th Cir. 2000).

**ANALYSIS**

The Court has considered the alternative positions presented here. It is noted that the offer of immediate cash without collateral consequences always has a certain amount of appeal. Here, however, the amount offered is of somewhat modest proportions. The upside of accepting this offer would be the immediacy of the cash with which to pay creditors. The downside is that the amount is modest compared to the total amount of debt. Additionally, Debtors have priority indebtedness, most of which is owed to the Internal Revenue Service and Iowa Department of Revenue. If the $5,000 settlement is approved, the entire amount would go to priority claims involving the IRS and IDOR. There would be no residual funds available for unsecured creditors.

The downside of rejecting this offer is that it constitutes a calculated risk of whether the lawsuit against Agriprocessors by AAA Electric will generate sufficient funds to make the risk involved worthwhile. The upside, obviously, is that, if AAA Electric were to succeed in its lawsuit against Agriprocessors, the potential award is substantial and the possibility of payment to unsecured creditors increases dramatically. Obviously, any award entered in that lawsuit

does not immediately inure to the benefit these Debtors. However, the relationship is close enough and the debt structure of AAA Electric is sufficiently identifiable, that the pass through of funds from AAA Electric to these Debtors is a real possibility.

Having considered the alternatives, the Court concludes that acceptance of the $5,000 offer would benefit only the taxing authorities. If the Court rejects this offer, and the lawsuit in question proceeds to a judgment in favor of AAA Electric, the taxing authorities will, in all probability, be the first priority creditors who will be reimbursed. Because of this, it is the conclusion of this Court that there is a substantial benefit to the taxing authorities to accept the risk that this lawsuit will be successful. If the present offer is accepted, unsecured creditors will receive nothing. If the lawsuit is successful and of a sufficient amount, the pass through of this award could benefit unsecured creditors in the present case.

The Court concludes, after careful consideration, that the lawsuit involving AAA Electric and Agriprocessors is ready for trial in all respects. It is scheduled for trial within two weeks. The amount of money which is offered is minimal in light of the numerous claims. The potential for a more substantial return is possible. The Court ultimately concludes that, in this case, the risk of reward outweighs the certainty of this modest sum.

**WHEREFORE**, for the reasons set forth herein, Trustee's Motion to Sell Property in the amount of $5,000 is DENIED.

**FURTHER**, to alleviate any possible concern, the Court notes that the lawsuit pending in Allamakee County, Iowa involving AAA Electric and Agriprocessors is not directly a part of this bankruptcy estate and is not subject to any automatic stay in this case.

Dated and Entered: October 26, 2005

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE